UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 4:14-cr-0031-TWP-VTW-11 |
| DANIEL GONZALEZ-INSUA | ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING GOVERNMENT'S
MOTION FOR RECONSIDERATION OF RELEASE ORDER**

This matter is before the Court on the Government's motion for reconsideration of the Magistrate Judge's order permitting pretrial release of Defendant Daniel Gonzalez-Insua ("Gonzalez-Insua"), pursuant to 18 U.S.C. § 3145(a). The undersigned has considered the Magistrate Judge's Order of Release contained in the proceedings held on June 30, 2017, the pretrial services report prepared by the United States Probation Office in the Southern District of Florida, Miami Division, the Government's Motion for Reconsideration of Release Order ([Filing No. 735](#)), as well as evidence, exhibits and argument submitted at the August 28, 2017 hearing. The Court finds the Government has met its burden of proof and offered sufficient evidence that Gonzalez-Insua poses a significant flight risk and a continuing risk of economic harm if released. Further, there are no conditions or combination of conditions which would overcome the unacceptable risk that Gonzalez-Insua would flee or pose a danger to the safety of the community. Accordingly, the motion for reconsideration of the release order is **GRANTED.**

**FINDINGS OF FACT**

On June 24, 2015, eight defendants were charged in a twenty-three count Superseding Indictment alleging multiple violations of possession of goods stolen from interstate shipments,

interstate transportation of stolen property, and conspiracy. On May 9, 2017, the grand jury returned a Third Superseding Indictment which added defendant Gonzalez-Insua and others to the indictment. Gonzalez-Insua, is charged with the offenses of (a) interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, (b) possession of goods stolen from interstate commerce, in violation of 18 U.S.C. § 659, and (c) conspiracy to possess goods stolen from interstate commerce, in violation of 18 U.S.C. § 371. On June 27, 2017 Gonzalez-Insua surrendered to the USMS in Miami, Florida, and made an initial appearance on the Second Superseding Indictment in the United States District Court, Southern District of Florida, Miami Division.

A detention hearing was held before a Magistrate Judge on June 30, 2017. The Magistrate Judge found that Gonzalez-Insua had offered evidence sufficient to rebut the presumption of risk of flight and danger in the community and that the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community. Gonzalez-Insua was granted pretrial release upon posting a $200,000.00 personal surety bond, plus $150,000.00 10% bond and conditions of release which included electronic monitoring. That order was stayed upon motion by the Government to appeal the release order.

The conspiracy charged in this case involves the theft of multiple cargo shipments from interstate commerce and related criminal activity in Florida, Georgia, Illinois, Indiana, Iowa, Kentucky, Ohio, Oklahoma, North Carolina, South Carolina, Tennessee, Virginia and elsewhere between November 2011 and May of 2015. The value of cargo stolen in those thefts is believed to exceed $30 million, not including the value of trucks or trailers stolen contemporaneously with cargo. The FBI's investigation has determined that the modus operandi of the cargo theft group

is to follow tractor trailer loads of merchandise leaving known distribution centers throughout the United States and to steal an entire tractor-trailer containing the load from a truck stop or rest stop when the legitimate driver stops to rest or refuel. In each of the cargo thefts, the truck driver is surveilled.

Gonzalez-Insua was initially identified by two cooperators who participated as conspirators in the charged thefts. Gonzalez-Insua's alleged role in the conspiracy was to conduct surveillance on the truck drivers, once they left their load unattended, so that other conspirators could steal the semi-tractor and load of goods. On January 24, 2013, Gonzalez-Insua and alleged co-conspirators traveled to a Love's Truck Stop in Dandridge, Tennessee where a semi-tractor and trailer hauling Lorillard Cigarettes was stolen. There is video surveillance of Gonzalez-Insua inside the truck stop on the telephone at or near the time of the thefts and in the presence of the truck driver. Further evidence linking Gonzalez-Insua to the conspiracy are cellular phone records which establish phone activity with cooperating coconspirators, at and near the time of the theft. There is similar evidence concerning Gonzalez-Insua being present, conducting surveillance and maintaining cellular phone activity with cooperating co-conspirators regarding a cargo theft of Limited brand merchandise which occurred on March 28, 2013 at a Love's Truck Stop in Jeffersonville, Ohio; a cargo theft of a Pfizer Pharmaceutical load from a Flying J Truck Stop in Wytheville, Virginia on April 24, 2013; a cargo theft of Dell computer equipment at a Pilot Travel Center in VanBuren, Ohio on May 1, 2013; and a cargo theft of Ralph Lauren apparel from a Time Out Travel Center in Newport, Tennessee on July 2, 2013. The alleged overt acts involving Gonzalez-Insua resulted in an aggregate financial loss of at least five million dollars.

Gonzalez-Insua proffered evidence that he is a native of Cuba and a U.S. permanent resident. He has been a resident of south Florida since 2008. His Cuban passport had expired but

3

he recently renewed that passport. He has not traveled outside of the United States in the past ten years and he is willing to surrender his Cuban passport. Gonzalez-Insua has resided at a rental home in Miami, with his fiancé and minor stepdaughter since November 2016. He is self-employed as a handy man and provides financial support to his children. He has no connections to Indiana. He has family ties (including three children) in Miami and family ties (his mother and two siblings) in Cuba.

Gonzalez-Insua has a prior criminal history. He was arrested on January 12, 2011 by the Louisville, Kentucky metro police department. On May 1, 2012 he pled guilty to 360 counts of Criminal Possession of Forged Instruments 2nd Degree and False Making of Embossing of Credit Cards, and on May 3, 2012 he was sentenced to five years prison on each count, with five years of conditional discharge on each count. On June 11, 2015 Gonzalez-Insua was discharged from probation by the Jefferson County Probation Department. Throughout the Jefferson County, Kentucky court proceedings, Gonzalez-Insua never failed to appear.

A violation of Title 18, United States Code, § 659 carries a statutory maximum sentence of 10 years' incarceration. A violation of Title 18, United States Code, § 371 carries a statutory maximum sentence of 5 years' incarceration. The Government moves for pretrial detention because Gonzalez-Insua is charged in the superseding indictment with an offense for which the maximum term of imprisonment is ten years or more; therefore, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community pursuant to 18 U.S.C. § 3142(e); as well as the risk that defendant would fail to appear at future court hearings, pursuant to 18 U.S.C. § 3142(f)(2)(A). The Government argued that the nature and circumstances of the offense—Insua's participation in multiple thefts of cargo from interstate shipments with an aggregate value of millions of dollars, a criminal history of

crimes of dishonesty, the weight of the evidence is clear and convincing, and the defendant's lack of ties to the Southern District of Indiana—demonstrate that Gonzalez-Insua is an unacceptable danger to the community and a risk of flight.

## I. CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including;

> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration are Gonzalez-Insua's character, family ties, self-employment, length of residence in the community, community ties, past conduct and criminal history. 18 U.S.C. § 3142(g)(3)(A). However, the presence of community and family ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The weight of evidence against Gonzalez-Insua is strong. He is charged with participation in a sophisticated conspiracy involving thefts of cargo trailers that spanned multiple jurisdictions. The Court is familiar with the nature of the conspiracy charged and the role of surveyors in the conspiracy. There are still photographs and video depictions of defendant entering the truck stops, observing the truck drivers and communicating on a cell phone while the cargo shipments are being stolen. The evidence is corroborated by four of the coconspirators. The Court also considers the cell phone data evidence and the aggregate loss of at least five million dollars.

Concerning character, physical and mental condition and substance abuse history, the Court notes that there is no evidence of physical, mental or substance abuse problems and Gonzalez-Insua voluntarily surrendered to these charges. Concerning family ties, employment history, financial resources, length of residence in the community; Gonzalez-Insua reports that he is self-employed and supports his three children. He a native of Cuba, was granted asylum in 2008

and has legal status in the United States. He has family and community ties to South Florida. However, he also has significant family ties in Cuba, a nation with which the United States has no extradition treaty. The Court notes that Gonzalez-Insua recently renewed his expired Cuban passport. Although he is willing to surrender the passport, his maintenance of ties with Cuba and recent renewal of his Cuban passport demonstrates a risk of flight.

Of great concern is Gonzalez-Insua's criminal history and conviction for 360 counts of economic harm related offenses in May 2013. Although defendant was residing in Florida at that time, he was arrested for these crimes on January 2012, in Louisville, Kentucky. At the time of the current offenses, Gonzalez-Insua was on probation or otherwise completing a sentence for offenses under state law. His past behavior leads the Court to believe that he will continue to commit the same type of economic crimes if released. The evidence concerning Gonzalez-Insua's criminal conviction was not available to the Magistrate Judge when he made his ruling.

Title 18, United States Code Section 3142, provides that a defendant shall be detained upon a showing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of the defendant or by clear and convincing evidence that no conditions will provide for the safety of the community. The Government has shown by clear and convincing evidence that no conditions exist which could be imposed to ensure that Gonzalez-Insua is not a danger to the community and a danger to the safety of any other person in the community.

## **CONCLUSION**

For the reasons stated above, the District Court's *de novo* determination is that the Government has met its burden of proof and, therefore, the Government's Motion for

Reconsideration of Release Order (Filing No. 735) is **GRANTED**.  The defendant is remanded to the custody of the United States Marshal pending disposition of this matter.

    **SO ORDERED.**

Date:  8/31/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elio Vazquez
6780 Coral Way
Vazquezjurist@bellsouth.net

James Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden@usdoj.gov

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
Matthew.rinka@usdoj.gov

Paper copy to United States Marshal's Service